746 F.2d 1419
 In re Carolyn Vaughan RUSSELL a/k/a Carolyn Russell, Debtor.
Carolyn Vaughan RUSSELL and Bruce C. Bernstein, Trustee in
Bankruptcy, Plaintiffs-Appellants,
v.
WEICKER MOVING & STORAGE CO., INC., a Colorado corporation,
Defendant-Appellee.
 No. 82-2233.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 25, 1984.
 
 Barry D. Roseman, Denver, Colo., for plaintiffs-appellants.
 H.R. McCollister of H.R. McCollister, P.C., Denver, Colo., for defendant-appellee.
 Before HOLLOWAY, Chief Judge, and SETH and LOGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from the dismissal by the trial court of appellants' appeal to it from the Bankruptcy Court. The dismissal order states the time which elapsed since the appeal was filed--48 days--and that no brief had been filed nor had there been a motion for an extension of time. It cites Bankruptcy Rule 808(1) which requires that a brief be filed and served within 15 days after the appeal is docketed. No other facts or circumstances are mentioned in the dismissal order.
 
 
 2
 A motion to vacate or set aside the dismissal was made and this was denied by a minute order.
 
 
 3
 It is apparent from the brief filed with the motion to vacate that the fault for the delay was with the attorney. The dismissal of the appeal was a sanction against the litigant and the attorney. Obviously dismissal is a possible sanction, a drastic sanction, and one to be used in the proper circumstances. However, there is nothing in the record before us to indicate it was proper in this case, and nothing so appearing, we must consider the dismissal to have been an abuse of discretion.
 
 
 4
 We have recently decided several en banc cases concerning sanctions. These include, In re Jay C. Baker and Michael J. Carson, 744 F.2d 1438 (10th Cir.), and D & H Marketers v. Freedom Oil & Gas, Inc., 744 F.2d 1443 (10th Cir.), and panel cases, Hollis v. United States, 744 F.2d 1430 (10th Cir.), and Sterling Energy v. Friendly National Bank, 744 F.2d 1433 (10th Cir.).
 
 
 5
 In the cited cases the pressing need for the imposition of sanctions in the proper circumstances is stressed. We also stated the need an appellate court has for the trial court's statement or recitation as to why the particular circumstances demonstrated a need for the sanctions imposed. The "why" the particular sanction was imposed is, of course, related to the selection of the person against whom it is to be imposed and the choice of appropriate sanctions. Any choice includes monetary sanctions.
 
 
 6
 The judgment and order of the trial court is set aside and the case is remanded for further proceedings in accordance with this opinion. IT IS SO ORDERED.