798 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
L.Z. REECE, Plaintiff-Appellee,
v.
DeWitt LANGFORD and Lillian Langford, Defendants-Appellants.
 No. 85-5088.
 United States Court of Appeals, Sixth Circuit.
 July 11, 1986.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and PORTER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendants/Appellants DeWitt and Lillian Langford (collectively referred to as "defendants") appealed the district court judgment of default in this civil action involving misrepresentation in the sale of securities.
 
 
 2
 On May 12, 1980, L.Z. Reece filed suit in federal district court alleging misrepresentation in the sale of securities and breach of contract. Reece contended that defendants made certain misrepresentations involving a gas field in Kentucky which induced Reece to invest some $770,000 in securities offered by defendants. No significant action was taken on this matter until March, 1983, partially because DeWitt Langford was in voluntary bankruptcy proceedings and the automatic stay prevented Reece from prosecuting the lawsuit. On June 27, 1984, the bankruptcy proceeding was dismissed, the dismissal predicated in part upon DeWitt Langford's repeated failure to comply with the rulings of the bankruptcy court.
 
 
 3
 On February 21, 1984[1] the district court entered an order directing the parties to exchange witness lists and file trial briefs prior to June 1, 1984 and to complete discovery by August 1, 1984. The order further noticed a pretrial conference for August 10, 1984. At the August 10 pretrial conference, no appearance was made on behalf of defendants. A show cause order was then issued by the district court, to which defendants filed a response on August 23, 1984. On August 29, 1984 the district court determined that the defendants' failure to attend the August 10 pretrial was the result of excusable neglect and scheduled another pretrial conference for October 5, 1984. Defendants did not appear at the October 5 pretrial but were represented by counsel. Counsel, however, was not familiar with the case and was totally unprepared for the pretrial. After noting that the defendants had never filed an answer to the plaintiff's May, 1980 complaint, the court on its own motion granted plaintiff a judgment by default. A hearing was subsequently conducted and judgment was entered for the plaintiff in the sum of $450,000 plus costs. This appeal ensued.
 
 
 4
 Pursuant to Fed.R.Civ.P. 16(f), the trial court may order sanctions if a party or a party's attorney fails to attend a pretrial conference or makes an appearance but is substantially unprepared to participate in the conference.[2] Rule 16(f) incorporates portions of Fed.R.Civ.P. 37 (b)(2), which prescribes sanctions for failing to make discovery. One of the sanctions provided for in Rule 37(c)(2)(C) is the rendering of a default judgment against the disobedient party. The trial court's imposition of appropriate sanctions is reviewable under an abuse of discretion standard. Fed.R.Civ.P. 16(f) Advisory Committee Note. See also National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976).
 
 
 5
 Defendants contend that the district court abused its discretion in ordering the default judgment because it failed to consider that defendants were represented by numerous attorneys throughout the course of the proceeding and that this engendered confusion as to who was to appear at various pretrial conferences. This argument, however, has been implicitly rejected by the Supreme Court. See National Hockey League, supra. See also In re Baker, 744 F.2d 1438 (10th Cir.1984) cert. denied sub nom., Baker v. United States District Court, 105 S.Ct. 2016 (1985) (Neither contumacious attitude nor chronic failure is a necessary threshold to imposition of sanctions under Rule 16(f) ). Thus the district court did not abuse its discretion in ordering the default judgment as a sanction for failure to follow the court's directives.
 
 
 6
 For the foregoing reasons, the decision of the district court is hereby
 
 
 7
 AFFIRMED.
 
 
 
 *
 Hon. David S. Porter, Senior United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 The district court had previously scheduled a pretrial conference for March 24, 1983. Defendants moved for a continuance, alleging their inability to go forward because of the bankruptcy proceeding and a substitution of counsel. The motion was subsequently granted. It should be noted, however, that the withdrawal and substitution of counsel for defendants was a recurring event throughout this proceeding. The record reflects that at least five attorneys withdrew from their representation of defendants
 
 
 [2]
 Defendants argue that the default judgment was entered pursuant to Fed.R.Civ.P. 55. However, a review of the record, particularly the trial court's order denying defendants' motion to file a late answer and to set aside judgment, makes clear that the default judgment was entered as a sanction pursuant to Fed. R.Civ.P. 16(f)