Thomas P. CONNELLY, III, as Trustee for Katherine D. Roach, Appellant,

v.

Katherine D. ROACH, Appellee.

No. CIV–86–460E.

United States District Court,
W.D. New York.

May 12, 1987.

Thomas P. Connelly, III, Buffalo, N.Y., for appellant.

Morris Horwitz, Niagara Falls, N.Y., for appellee.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The appellant trustee in bankruptcy seeks to appeal from a final order of the Bankruptcy Court dated March 28, 1986. Notice of Appeal was sent the week after the order was signed. On May 8, 1986 the appellant wrote to the Clerk's office of the United States District Court for the Western District of New York inquiring after a scheduling order for the filing of briefs, the issuance of such scheduling order the appellant believed[1] was part of the normal sequence of events in this type of proceeding. On May 13th Notice of Appeal was issued. In early September the appellant again wrote to the Clerk's office concerning a briefing schedule and was informed in reply that Bankruptcy Rule 8009 applied. He was also informed at that time of the appellee's intention to file this present motion to dismiss for untimeliness.

Pursuant to Bankruptcy Rule 8009(a)(1), an "appellant shall serve and file his brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." The appellant's non-compliance is undisputed. However, the timetable of Rule 8009 is subject to modification at a court's discretion. *In re Russell*, 746 F.2d 1419, 1420 (10th Cir.1984) (notwithstanding the attorney's noncompliance with Bankruptcy Rule 808(1),[2] dismissal of the appeal by the district court was an abuse of discretion).

Inasmuch as we conclude that appellant did not act unreasonably in his reliance on a perceived past practice in this Court, and did not evidence an inexcusable lack of diligence or good faith, and inasmuch as the appellee relies solely on the instruction of Rule 8009 and not on any purported prejudice to herself, the appellee's motion to dismiss this appeal for their opponent's failure timely to file and serve his brief is hereby ORDERED denied.

---

1. The appellant avers that he had previously been involved in only three prior bankruptcy appeals in this district. In the last two, before this Court, he had received a briefing schedule subsequent to the filing of a Notice of Appeal.

2. This was the predecessor to the present Rule 8009.