In re Gary Frank BERNARD aka Gary F. Bernard, individually and dba Gary Frank Bernard, D.D.S., and Nancy Lynn Bernard, Becker, individually, Debtors.

ASSOCIATES PROFESSIONAL EXECUTIVE SERVICES, INC., Plaintiff,

v.

Gary F. BERNARD, Defendant.

Bankruptcy No. 87–B–08312–J.

United States Bankruptcy Court, D. Colorado.

May 4, 1988.

John D. Watson, John D. Watson & Associates, Denver, Colo., for plaintiff.

Christine J. Jobin, Katch, Anderson & Wasserman, Denver, Colo., for defendant.

MEMORANDUM OPINION
AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on the Defendant's Motion to Dismiss Plaintiff's Complaint and for Award of Attorneys' Fees ("Motion to Dismiss"). The Defendant's Motion to Dismiss was heard

in Open Court on the date set for trial in the adversary proceeding. Defendant and Defendant's counsel were present for the scheduled trial and at the hearing; neither Plaintiff nor Plaintiff's counsel appeared or participated.

For the reasons set forth below, Plaintiff's Complaint is dismissed with prejudice and the Defendant is awarded his attorneys' fees and costs of litigation, in the sum of $4,404.05.

## BACKGROUND AND FINDINGS OF FACT

The Plaintiff filed its Complaint to determine dischargeability of debt, pursuant to § 523(a)(2), on October 27, 1987. The Defendant timely answered the Complaint and the matter was set for trial to be heard by this Court on February 1, 1988.

On December 18, 1987, the Defendant served upon the Plaintiff his First Set of Interrogatories and Request for Production of Documents, responses to which were due on or before January 18, 1988. No responses to the Interrogatories were served upon the Defendant's counsel and, after repeated attempts to obtain the information, the Defendant filed a Motion to Continue the February 1, 1988 trial and to compel Plaintiff to answer the interrogatories and produce requested documents. The Court granted the Defendant's Motion and ordered the Plaintiff to respond to the discovery requests on or before February 10, 1988 and continued the trial to March 10, 1988.

On February 10, 1988, the Plaintiff served upon the Defendant Answers to Interrogatories and produced certain documents which it intended to introduce at trial. Thirty of the 39 interrogatories were not answered by the Plaintiff. The Answers were substantially deficient. The Defendant again made a written request of the Plaintiff that complete and substantive responses to the Defendant's discovery requests be provided before February 26, 1988. On February 24, 1988, the Plaintiff's counsel replied in writing that the Plaintiff was an out-of-state party and thus could not respond to the interrogatories for still

another ten days. At the time of trial, March 10, 1988, the Plaintiff still had not replied to the Defendant's discovery request other than by the Plaintiff's initial deficient response.

On February 27, 1988, the Defendant filed his Motion to Dismiss Complaint for Plaintiff's (1) failure to make discovery, (2) failure to comply with the Court's Order compelling discovery, and (3) failure to state a claim upon which relief can be granted. The Plaintiff has never requested an extension of time in which to answer, has not moved for a protective order, and Plaintiff's counsel has not advised the Court of any actual limitations on the Plaintiff that would explain its inability to comply with the discovery requests.

The Plaintiff is not a small or unsophisticated entity. It is owned by "Gulf & Western"; it is a publicly held company and it "conducts its business throughout the United States."

Trial was scheduled, properly noticed, and set to commence on March 10, 1988. Defendant's counsel and Defendant were present in Court. Neither Plaintiff nor Plaintiff's counsel appeared. Plaintiff did not file any motions to continue or vacate the trial. Neither the Court nor the Defendant were advised that the Plaintiff and its counsel would not appear at trial.

On March 10, 1988, the Court took under advisement Defendant's Motion to Dismiss and, thereafter, held a hearing on March 31, 1988 on the issue as to whether or not sanctions should be imposed and attorneys' fees assessed against the Plaintiff's attorney, John D. Watson. Counsel for Plaintiff attended that hearing. Significantly, Mr. Watson revealed to the Court several brief letters he had previously mailed to his client urging the Plaintiff to comply with discovery and pretrial procedures, and to cooperate in trial preparation.

## CONCLUSIONS OF LAW

The Bankruptcy Court is granted various tools to conduct its affairs in a productive, orderly, and efficient manner. Among those tools are an array of sanctions which

may be imposed by the Court if, and only if, there is sound justification for it to do so. In contested matters and adversary proceedings, they include the following:[1] (1) B.R. 7037, sanctions for failure to make or cooperate in discovery, *M.E.N. Co. v. Control Fluidics, Inc.,* 834 F.2d 869, 872 (10th Cir.1987), (2) B.R. 7016(f), failure to comply with Court scheduling and pretrial orders or failure to cooperate in discovery and pretrial practice, *Matter of Sanction of Baker,* 744 F.2d 1438, 1440–1442 (10th Cir.1984), (3) F.R.Civ.P. 41(b), dismissal for failure to timely prosecute an action *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Smith v. U.S.,* 834 F.2d 166 (10th Cir.1987), (4) 28 U.S.C. § 1927, imposing on counsel or parties liability for excessive costs arising from vexatiously increasing judicial proceedings, *Braley v. Campbell,* 832 F.2d 1504 (10th Cir.1987); *Dreiling v. Peugeot Motors of America, Inc.,* 768 F.2d 1159 (10th Cir.1985), (5) B.R. 9011, for counsel's failure to certify the accuracy of and the legitimate purposes for which pleadings or other documents are filed with the Bankruptcy Court. *Skies Unlimited, Inc. of Colorado v. King,* 72 B.R. 536, (Bankr. Colo.1987), (6) the inherent power of the Court to control its docket, manage its affairs and efficiently process its adjudicatory functions. *Matter of Sanction of Baker, supra* at 1440; *See, In re Silver,* 46 B.R. 772, 773 (D.Colo.1985).[2] Of course, any sanction, under any circumstance, requires that the Court use it with careful and complete deference to notions of due process and fairness. *Braley v. Campbell, supra* at 1514.

■ The pleadings and conduct of the Plaintiff in this case, particularly the (a) repeated and unjustified failures of Plaintiff to cooperate in Defendant's discovery efforts, (b) the Plaintiff's failure to comply with this Court's Order compelling discovery, and (c) the Plaintiff's failure to appear at the commencement of trial, justify dismissal and an award of attorneys' fees and costs as sanctions of this Court.

### *Dismissal of Complaint*

Plaintiff's Complaint must be dismissed on two grounds. First, it fails to state a claim on which relief can be granted and, second, dismissal of the Complaint is an appropriate sanction against the Plaintiff under these circumstances.

Plaintiff's Complaint may be dismissed on the basis that it fails to state a claim for relief under Section 523 of the Bankruptcy Code (11 U.S.C. § 523). Plaintiff's Complaint is vague and lacking particularity required by B.R. 7009(b). The Complaint fails the fundamental tests of properly pleading fraud as recognized in this District. *Seattle–First National Bank v. Carlstedt,* 800 F.2d 1008, 1010 (10th Cir. 1986).[3]

The Complaint is defective insofar as it does not even reveal whether the Plaintiff is invoking subsection (A) or (B) of Section 523(a)(2).[4] The Complaint also fails to state allegations of fact sufficient in particularity and clarity to fairly and reasonably advise the Defendant of documents, events or "circumstances constituting fraud." Rule 9(b) F.R.Civ.P.; *In re Mullet,* 817 F.2d 677 (10th Cir.1987); *In re Wade,* 43 B.R. 976 (Bankr.Colo.1984).

The Complaint is also dismissed as a proper sanction for Plaintiff's failure to comply with reasonable and timely dis-

---

1. Reference to sanctions authorized by the Bankruptcy Rules of Procedure are implicitly references to the corresponding rule in the Federal Rules of Civil Procedure where adopted and otherwise appropriate.

2. The Court is not invoking its specific contempt powers pursuant to B.R. 9020 as it is unnecessary, perhaps inapplicable under these circumstances, and possibly an improper exercise of judicial authority. *In re Sequioa Auto Brokers,* 827 F.2d 1281 (9th Cir.1987).

3. Plaintiffs should (1) identify particular Defendants with whom they dealt directly, (2) designate by whom and the occasions on which the alleged statements were made, and (3) designate what affirmative misstatements or half-truths were directed to them and how.

4. Plaintiff refused to make this distinction, or designate the statutory provision on which it relied, in its Answers to Defendant's interrogatories.

covery efforts of the Defendant and Plaintiff's failure to appear at trial. Rules 7016(f), 7037(b) and (d), and 41(b) F.R. Civ.P.; *M.E.N. Co. v. Control Fluidics, Inc., supra; Smith v. United States, supra.*

The conduct of the Plaintiff herein exhibited a continuing and knowing failure to engage in discovery and to conduct pretrial procedures in a reasonable, even minimally satisfactory, manner. No credible or plausible explanation was presented to the Court as to why the Plaintiff continued to fail in its discovery obligation or why it ignored the Court's Order to answer interrogatories in a timely, meaningful manner. Plaintiff's conduct can be described only as willful, or intentional, as opposed to "involuntary noncompliance." Such conduct is properly subject to the sanction of dismissal; it need not be conduct laced with "wrongful intent" to so qualify. *M.E.N. Co. v. Control Fluidics, supra* at 873.

### Assessment of Attorneys' Fees and Costs as Sanction

Clear and unvarnished authority to impose sanctions for Plaintiff's failure to provide answers to interrogatories, and to comply with the Court Order compelling same, is provided in B.R. 7037(a)(4), (b)(2) and (d). Moreover, Plaintiff's conduct falls squarely within that type of conduct sought to be proscribed by B.R. 7016(f), as well as B.R. 7037. Imposition of sanctions in this case fulfills the stated goals of these rules:

> Certainly the sanctions concept contained in subsection [16](f) is a codification of the purpose to insist that the court, the lawyers and the parties abandon habits which unreasonably delay and otherwise interfere with the expeditious management of trial preparation. ...
> [W]e are dealing with the matter most critical to the court itself: management of its docket and avoidance of unnecessary burdens on the tax-supported courts, opposing parties or both. The

primary purpose of sanctions in this context is to insure reasonable management requirements for case preparation. The secondary purpose is to compensate opposing parties for inconvenience and expense incurred because of any noncompliance with the reasonable management orders of the court.
*Matter of Sanction of Baker, supra* at 1441.

A third purpose of sanctions, recognized by the Tenth Circuit, is to convey a message to attorneys and litigants alike that expeditious management and preparation of cases for trial is not merely desirable, it is imperative. *Matter of Sanction of Baker, supra* at 1441, 1442.

■ Beyond Plaintiff's more blatant discovery failures described above, the simple fact that Plaintiff commenced discharge litigation and then failed to show up for trial when scheduled, appears to be a sufficient basis, standing alone, to assess attorney's fees, costs of litigation, and court costs, as well. 11 U.S.C. § 523(d); *In re Quintana*, 43 B.R. 668, 669 (Bankr.Colo.1984)). It is not necessary that there be a chronic failure to perform or contumacious attitude and conduct, or flagrant abuse of bankruptcy rules or pretrial procedures in order to impose sanctions against Plaintiff or counsel in these circumstances. *Matter of Sanction of Baker, supra* at 1441; *see, In re Skies Unlimited, supra* at 538.

Sanctions are deemed a tool to protect innocent parties to litigation or parties subjected to vexatious conduct, a lack of discovery compliance, unnecessary delay, a party's refusal to engage in good faith pretrial procedure or other wrongful or negligent conduct. Indeed, some cases and rules hold that *sanctions are required* if conduct described above is found by the Court. *M.E.N. Co. v. Control Fluidics, supra* at 873; *Skies Unlimited, supra* at 539.[5]

---

**5.** The Court here, although not dwelling on the subject, is also implicitly invoking and relying on its inherent authority to impose sanctions where conduct of a party can be characterized

as set forth in this record. *Braley v. Campbell, supra* at 1510; *In re Silver, supra* at 773; *Skies Unlimited, supra* at 773; *In re French Gardens, Ltd.,* 58 B.R. 959, 965 (Bankr.S.D.Tex.1986).

■ An attempt to allocate fault, and responsibility for payment of sanctions, between attorney and client is required of the Court in these situations. *Smith v. U.S., supra* at 171; *M.E.N. Co. v. Control Fluidics, supra* at 873. To accomplish this with precision is a difficult, indeed often impossible, task given the complexities of management and procedures in litigation, as well as the confidentiality of the attorney/client relationship. Nonetheless, targeting sanctions is mandated if fair and possible:

> [T]he trial court is to consider, insofar as practical, where the fault lies for noncompliance. The impact of any sanction should then be directed at the lawyer or the party depending upon who is at fault. *Baker*, 744 F.2d at 1442.

*Smith v. U.S., supra* at 171.

In this case the record indicates the Plaintiff is the primary responsible party and should be liable for payment of sanctions. Plaintiff initiated filing the Complaint, refused to respond to discovery, failed to comply with the Court Order compelling discovery, was unwilling to engage in meaningful pretrial procedure, and ultimately abandoned the case, not even showing up for trial. Counsel appears to have communicated with his client seeking cooperation and participation.

Counsel should, perhaps, have not filed the Complaint until more specific facts and documentation was supplied to him by the client to support the claims and he should, perhaps, have earlier withdrawn from the case, due to a demonstrated lack of cooperation by the client. But such acts by counsel are, sometimes, difficult judgment calls in a sensitive situation and the Court should not and cannot second-guess counsel without more detailed and pertinent facts not now available to the Court (and probably within the attorney/client privilege not waived by the client).

Counsel's only clear error justifying sanctions was to not notify Defendant's counsel and the Court that Plaintiff and Plaintiff's counsel would not appear at trial. Significantly, the file reveals that Plaintiff's counsel was aware of and communicated to his client (a) the prospective need to dismiss the case for failure to answer discovery (February 24, 1988 correspondence), and (b) the prospect of attorneys' fees being assessed if Plaintiff continued to be uncooperative (March 3, 1988 correspondence). Still, no notice was given to Defendant that Plaintiff and its counsel would not appear at trial. Such notice, a simple telephone call one day before trial, would have saved the Defendant last minute attorney's fees for trial preparation and saved the Court a day on its docket. Consequently, the Defendant's attorney's fees for the *day* before trial and the *day* of the trial ($756.00) shall be assessed one-half against Plaintiff's counsel and one-half against Plaintiff. The balance of the fees are assessed against the Plaintiff ($3,648.05).[6]

IT IS THEREFORE ORDERED that (1) Plaintiffs Complaint is dismissed with prejudice, and (2) attorneys' fees and costs in the amount of $4,026.05 are assessed against and shall be paid by the Plaintiff and fees in the amount of $378.00 shall be assessed against and paid by Plaintiff's counsel. Payment shall be within forty-five (45) days after the date of this Order.

---

**6.** Attorney's fees have been submitted by a detailed Affidavit of Defendant's counsel and it specifies tasks performed by each attorney, all services rendered, date of such services, amount of time spent on each such date, and actual fees assessed for each such date. A brief narrative explanation of services and tasks performed accompanied the Affidavit. The fee request requirements of *Ramos v. Lamm*, 713 F.2d 546 (10th Cir.1983) and *In re Werth*, 32 B.R. 442 (Bankr.Colo.1983) have been fulfilled.