**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JACQUELINE J. SCHROEDER,

Plaintiff - Appellant,

v.

SOUTHWEST AIRLINES; SUZANNE
COLEMAN; LINDA LEE; SUSAN
KILMER; LOIS WILLIAMS;
INTERNATIONAL ASSOCIATION
OF MACHINISTS AND
AEROSPACE WORKERS (IAMAW);
LOCAL 2909 INTERNATIONAL
ASSOCIATION OF MACHINISTS
AND AEROSPACE WORKERS,

Defendants - Appellees.

No. 04-6194
(D.C. No. 02-CV-1299-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **LUCERO** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Jacqueline J. Schroeder appeals the district court's order dismissing her lawsuit as a sanction for failing to prosecute, failing to provide copies of pleadings to defendants, and failing to comply with discovery requests, including failing to attend her own deposition. [1] She also appeals the order denying her motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. We exercise jurisdiction under 28 U.S.C. § 1291 and **AFFIRM** both orders.

Schroeder has filed three complaints in this Title VII case. The first was dismissed without prejudice because Schroeder did not serve defendants with a summons. The second complaint was dismissed, also without prejudice, because Schroeder failed to file an amended complaint after leave to do so was granted. During the time the second lawsuit was pending, Schroeder failed to serve defendants with copies of her pleadings. She stated that she and her attorney "allowed" these dismissals to occur as a "tactical decision," hoping that an ongoing government investigation would bolster her case upon refiling.

Schroeder filed the complaint underlying this appeal on September 18, 2002, and defendants moved to dismiss. She filed a response to the motions, but did not serve defendants with her response. The district court granted in part and

---

[1]     Plaintiff was represented by Frederick W. Southern, Jr., who has been disbarred. She is represented by different counsel on appeal.

-2-

denied in part the dismissal motions, and directed Schroeder to file an amended complaint. She complied with the district court's direction, but again did not serve defendants with copies of her pleading. Defendants then filed another motion to dismiss; plaintiff filed a response, but yet again failed to serve a copy on defendants. The court granted in part and denied in part the motion to dismiss.

In early December 2003, defendants served discovery requests on Schroeder's attorney. They also served notices that they would depose Schroeder on February 4, 2004. Because Schroeder's counsel did not respond to the discovery requests or to defendants' attorneys' other attempts to obtain the discovery, defendants filed a motion to compel.

Neither Schroeder nor her attorney appeared for the deposition set for February 4th. They made no request to change the date and they did not notify defendants' attorneys that they would not appear. Furthermore, the attorneys' telephone call to Schroeder's lawyer on the day of the deposition went unanswered and was never returned. Defendants' attorneys traveled to Oklahoma City from Washington, D.C. and San Antonio, Texas for the deposition.

On February 19, 2004, Schroeder responded to the motion to compel by stating that she had provided the requested discovery. The district court found that those responses were inadequate. Three weeks later, Schroeder supplemented

those responses, but the district court was not aware of the supplement. Schroeder has not explained why she failed to respond adequately to the discovery requests in a timely manner.

On March 19, 2004, the district court granted defendants' motion to dismiss with prejudice as a sanction for abusing the discovery process, failing to prosecute her case, and failing to follow the rules of civil procedure. The court evaluated the appropriate factors and concluded that dismissal with prejudice was the only appropriate sanction under the circumstances. [2]

Schroeder then filed a motion to reconsider, which the district court construed as a motion to alter or amend the judgment under Rule 59(e). In support of the motion, Schroeder submitted a statement explaining that she did not know her deposition had been set for February 4th, and that the first two complaints were allowed to be dismissed for tactical reasons. She also stated that she had answered defendants' discovery requests on February 19, 2004, and had supplemented those answers on March 12, 2004. The district court denied the motion, holding that plaintiff had not met the criteria to alter or amend a judgment.

---

[2] The district court also ordered Schroeder's then-attorney to pay attorney fees and costs to defendants. These orders are not before us.

"We review for an abuse of discretion the district court's decision to impose the sanction of dismissal for failure to follow court orders and rules." Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002). "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). In addition, a district court has discretion to dismiss a case for discovery violations. LaFleur v. Teen Help, 342 F.3d 1145, 1151 (10th Cir. 2003). Sanctions are available to permit the court to "manag[e] its docket and avoid[] unnecessary burdens on the tax-supported courts, opposing parties or both." Mulvaney v. Rivair Flying Serv., Inc. (In re Baker), 744 F.2d 1438, 1441 (10th Cir. 1984). In reviewing the district court's exercise of discretion, we consider the totality of the circumstances. M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir. 1987). "Because a default judgment is a harsh sanction, due process requires that 'failure' [to obey rules or orders] is a sufficient ground only when it is the result of 'willfulness, bad faith, or [some] fault of petitioner' rather than inability to comply." Id. (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640 (1976)). Willful failure means "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." Id. at 872-73 (quotation omitted).

In Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992), this court articulated the following five criteria for a district court to consider when evaluating whether dismissal is an appropriate sanction: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (quotation and citations omitted). These criteria are guidelines, not a "rigid test." Id.

Schroeder concedes that the first two Ehrenhaus criteria were met, although she maintains that she was not at fault. She contends that the district court abused its discretion in finding that the remaining factors weighed in favor of dismissal. Specifically, she maintains that she was blameless, that the court never warned her that her case could be dismissed with prejudice, and that a lesser sanction is appropriate. She argues that the blame lies with her former attorney and that the district court appropriately imposed sanctions on him.

Addressing culpability, the district court determined that even though Schroeder's attorney was more culpable than she, no evidence had been presented to demonstrate that she "was not aware of the date, time, and place for her deposition." Aplt. App. at 192. Schroeder points to her statement that she was

not aware that her deposition had been scheduled. This statement was not filed until after the case was dismissed. Therefore, at the time the case was dismissed, "the record contain[ed] no direct evidence regarding what plaintiff knew of [her] attorney's derelictions," and under those circumstances, a plaintiff is liable for the acts and omissions of her attorney. Gripe, 312 F.3d at 1188. "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of [her] lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Id. at 1189 (quotation omitted). [3]

We recognize, as plaintiff argues, that this court has stated that "'[i]f the fault lies with the attorneys, that is where the impact of the sanction should be lodged.'" M.E.N. Co., 834 F.2d at 873 (quotation omitted). In that case, however, the district court "made no findings on whether [the sanctioned litigants'] conduct met the willful noncompliance standard," so the case was remanded for specific findings. Id. at 873-74; see Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465 (10th Cir. 1988) (collecting cases that were remanded to permit district court to make findings on fault of litigant). In contrast, the district court in this case made the explicit finding that Schroeder, as

---

[3]     "Redress for [attorney] incompetence is usually found in a suit for malpractice rather than on direct appeal." M.E.N. Co., 834 F.2d at 873.

-7-

well as her attorney, was culpable. "[W]here the district court considered this factor on the record, the client was liable for the acts and omissions of [her] counsel." LaFleur, 342 F.3d at 1152; see also Gripe, 312 F.3d at 1188 (dismissal appropriate even where "the record contains no direct evidence regarding what plaintiff knew of his attorney's derelictions," because "of the repeated and documented failure of his chosen representative.").

Moreover, Schroeder stated that the first two complaints "were allowed to be dismissed without prejudice for tactical reasons." Where sanctionable conduct was the result of tactical decisions, "[w]e need not allocate fault . . . between lawyer and client because both are bound by trial strategy." Smith v. United States, 834 F.2d 166, 171 (10th Cir. 1987). We conclude that the district court did not abuse its discretion in its culpability determination.

In evaluating the fourth Ehrenhaus factor – whether the plaintiff had been warned that dismissal was a likely sanction for noncompliance – the district court found that even though she had not been warned, "the continuing nature of plaintiff and her counsel's inexcusable conduct, the extent of the prejudice to defendants, and the interference with the judicial process outweigh the fact that plaintiff was not specifically warned." In addition, the court noted that the two orders dismissing her lawsuit without prejudice should have put Schroeder on notice that she and her counsel must comply with court deadlines and rules. The

-8-

district court considered this factor and stated legitimate reasons for dismissing. Accordingly, we find no abuse of discretion.

As for the fifth criterion – the efficacy of lesser sanctions – the district court found that "nothing short of dismissal would be effective," after considering the history of this litigation and the repeated abuses of the judicial process. Plaintiff first filed suit in November 2000. As of the dismissal date, March 19, 2004, the parties had not even accomplished the first phase of discovery. The district court had granted leave to amend the complaint on at least two occasions, defendants' attorneys' had failed to receive several key pleadings, defendants had moved to compel discovery, Schroeder's written and documentary discovery responses were inadequate, [4] and both Schroeder and her attorney failed to appear for her deposition. "The burden of litigation is too pressing, and trial courts' patience has too long been tried, to permit parties to evade the consequences of neglecting their cases." M.E.N. Co., 834 F.2d at 873. Under the circumstances, the district court did not abuse its discretion in choosing dismissal as an appropriate sanction.

---

[4] Schroeder argues that the district court inappropriately considered the inadequacy of her responses to the discovery requests. She asserts that one of the defendants' attorneys did not certify that he conferred or attempted to confer with plaintiff's counsel, as required by Fed. R. Civ. P. 37(a)(2). Schroeder has not shown that this issue was raised in the district court; therefore, we decline to consider it on appeal. Wilburn v. Mid-South Health Dev., Inc., 343 F.3d 1274, 1280 (10th Cir. 2003).

Schroeder also challenges the district court's order denying her Rule 59(e) motion to alter or amend the judgment. "We review a district court's ruling on a [Rule] 59(e) motion under an abuse of discretion standard. . . . A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (quotations omitted).

Schroeder filed a declaration explaining her reasons for the delays in prosecuting her case, and stating that she had been unaware that her deposition had been scheduled. The district court appropriately declined to consider the declaration because it contained no new information that was unavailable before the dismissal order. Comm. for First Amendment v. Campbell, 962 F.2d 1517, 1524 (10th Cir. 1992) (finding no abuse of discretion when district court refused to consider additional evidence in support of Rule 59(e) motion where there was no showing "that the evidence was newly discovered or unavailable in a more timely fashion through the exercise of diligence"). The district court held that Schroeder had identified no instances in which the court had misapprehended the facts or the controlling law, and denied relief. We similarly conclude that Schroeder has not shown manifest error requiring that the judgment be reopened. Accordingly, we hold that the district court did not abuse its discretion in denying Schroeder's motion.

The judgment of the district court is **AFFIRMED** .

Entered for the Court

Carlos F. Lucero
Circuit Judge