**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES WALLACE; LANITA
WALLACE,

        Plaintiffs - Appellants,

v.

THOMAS R. RUSSELL, M.D.;
MICHAEL TRIBBEY, M.D.,

        Defendants - Appellees.

No. 08-6044

(W.D. Oklahoma)

(D.C. No. 5:07-CV-01268-R)

### ORDER AND JUDGMENT[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

On September 18, 2007, Charles and Lanita Wallace filed in the United

States District Court for the Eastern District of Oklahoma a pro se medical-

malpractice and civil-rights claim against Thomas R. Russell and Michael

Tribbey. On November 7 the court transferred the case to the United States

District Court for the Western District of Oklahoma and that court notified the

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

parties on December 7 that a status/scheduling conference had been set for February 5, 2008. Despite the nearly two-months' notice, the Wallaces failed to appear. The court therefore dismissed the action on February 7 without prejudice. The Wallaces appeal. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Federal Rule of Civil Procedure 16(f) "give[s] courts very broad discretion to use sanctions where necessary to insure . . . that [parties and their lawyers] fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Mulvaney v. Rivair Flying Serv., Inc. (In re Baker)*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc). To this end, "if a party . . . fails to appear at a scheduling or other pretrial conference," the district court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii)." Fed. R. Civ. P. 16(f)(1). Among those authorized orders is an order dismissing the action. *See id*. at 37(b)(2)(A)(v). We review such decisions for an abuse of discretion. *See Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002). Although we require the district court to consider certain factors before dismissing a case with prejudice, we apply a relaxed abuse-of-discretion standard for dismissals without prejudice. *See Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1161–62 (10th Cir. 2007).

The Wallaces make no attempt to show that the district court's application of Rule 16 in this case constituted an abuse of discretion. In particular, they offer no explanation why they were unable to attend the scheduling conference.

Instead, they simply restate their claims against Drs. Russell and Tribbey and contend that bias governed the court's consideration of the merits of their claim.

Because we have been presented with no basis for ruling that the district court abused its discretion, we AFFIRM the district court's dismissal without prejudice.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge