In re Richard G. PAOLINO, Elaine M. Paolino, Debtors.

Richard G. PAOLINO, Plaintiff,

v.

Herbert BRENER, Trustee,

and

Pennsylvania Blue Shield, Defendants.

Bankruptcy No. 85–00759F.
Adv. No. 87–0948.

United States Bankruptcy Court, E.D. Pennsylvania.

June 17, 1988.

Jonathan H. Ganz, Pincus, Verlin, Hahn & Reich, P.C., Philadelphia, Pa., for plaintiffs Richard G. Paolino and Elaine M. Paolino.

Richard J. Squadron, Michael H. Reed, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Trustee Herbert Brener.

Vickie E. Le Duc, Rubin, Quinn & Moss, Philadelphia, Pa., for defendant Pennsylvania Blue Shield.

## MEMORANDUM OPINION

BRUCE I. FOX, Bankruptcy Judge:

On April 22, 1988, after hearing testimony and arguments of counsel on the trustee's motion for discovery sanctions against the plaintiff, Richard Paolino, I entered an order which provided *inter alia:*[1]

---

**23.** My resolution of this dispute disposes of the Continental crossclaim against AAA.

**1.** A complete copy of my order of April 22, 1988 is attached as appendix A to this memorandum.

Dr. Paolino shall provide full and complete answers to the requests for production, interrogatories and additional interrogatories heretofore served by the trustee within 10 days from the entry of this order or suffer possible dismissal of this proceeding upon motion by the trustee as a sanction pursuant to Fed.R.Civ.P. 37(b) made applicable herein by Bankr. Rule 7037.

That order also required Dr. Paolino to pay the trustee certain counsel fees and expenses as a sanction for his failure to cooperate in discovery. Unfortunately, Dr. Paolino did not comply with that portion of my order compelling responses to the trustee's discovery,[2] and the trustee has now moved for further sanctions. I reluctantly conclude that I must dismiss Dr. Paolino's complaint.

## I.

Fed.R.Civ.P. 37(b) made applicable to this proceeding by Bankr.Rule 7037 provides in relevant part:

(2) *Sanctions by Court in Which Action is Pending.* If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In two very recent decisions, the Third Circuit has reviewed dismissals pursuant of Rule 37(b)(2)(C) and has set forth the applicable law. *Curtis T. Bedwell and Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683 (3rd Cir.1988); *Hicks v. Feeney*, No. 87–3527 slip op. (3rd Cir. March 11, 1988) [resubmitted May 26, 1988, reissued June 22, 1988, 850 F.2d 152]. In *Hicks* at 156, the Third Circuit stated:

A rule 37(b)(2)(C) dismissal is a serious sanction. In certain cases, it is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 [96 S.Ct. 2778, 2781, 49 L.Ed.2d 747] (1976); *Al Barnett*

---

**2.** Prior orders entered on January 19, 1988 (compelling responses to the trustee's request for production of documents) and on February 11, 1988 (compelling responses to the trustee's interrogatories) were also not complied with. These orders are attached as appendices B and C.

*& Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35–36 (3d Cir.1979).

In both *Hicks* at 156 and *Bedwell* at 691, the Third Circuit reiterated that the applicable considerations for a trial court in determining whether dismissal is appropriate as a discovery sanction were set out in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d, 863, 868 (3rd Cir.1984). The relevant factors identified in Poulis are:

> (1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Poulis* at 868 (emphasis in original).

I must review each of these factors in exercising my discretion under Rule 37. *Bedwell* at 691. *See also Scarborough v. Eubanks*, 747 F.2d 871 (3rd Cir.1984).

## II.

■ The complaint in this matter was filed by Dr. Paolino on November 9, 1987 with a motion for an expedited hearing. Although the motion for an expedited hearing was denied, the proceeding was scheduled for trial on December 23, 1987.

In the complaint, Dr. Paolino requested a determination that certain funds now being held by the trustee, (approximately $50,-000), are not property of the estate pursuant to 11 U.S.C. § 541 and for turnover of the funds to him. On December 4, 1987, the trustee answered the complaint and filed a counterclaim seeking turnover of certain postpetition income which he claims

is property of the estate pursuant to 11 U.S.C. § 541(a)(6).[3]

On November 13, 1987, the trustee served a request for production of documents on Dr. Paolino specifying 13 categories of requested documents. Although no timely response to the request was received, the trustee stipulated on December 22, 1987 to extend time to respond to the request until December 23.[4] Having not received any response by January 12, the trustee moved to compel responses to the request for production. After hearing, an order was entered on the motion on January 19, 1988, requiring a response by January 25, 1988 (appendix B).

Contemporaneously, a similar process took place with regard to the trustee's interrogatories. Nineteen interrogatories were served on December 9, 1987. On January 22, 1987, having not received responses, the trustee moved to compel. On February 11, 1988 an order was entered, by agreement of the parties, compelling response by February 17, 1988 (appendix C).

On March 29, 1987,[5] the trustee first moved for sanctions against Dr. Paolino for failure to cooperate in discovery including *inter alia* the sanction of dismissal. On April 20, 1988, a hearing was held on the trustee's motion. At that hearing Dr. Paolino testified that he had not provided responses to discovery because he believed that the trustee had previously obtained all of the relevant information from him or from other sources. Upon completion of that hearing, I entered the order of April 22, 1988 quoted above and attached as appendix A. As stated earlier, that order made clear that Dr. Paolino had 10 days to answer the discovery or face possible dismissal of his complaint.

On May 5, 1988[6] the trustee received

---

3. The other defendant, Pennsylvania Blue Shield, has escrowed those funds in its possession which are subject to this dispute and now apparently has no significant interest in the outcome other than a stated desire to have the litigation resolved as soon as possible.

4. Trial was adjourned until February 17, 1988 at the request of the parties presumably to allow for completion of discovery.

5. The trial had again been adjourned until April 25, 1988.

6. Pursuant to Bankr.Rule 9006, Dr. Paolino was permitted until May 6, 1988 to comply with my order of April 22.

partial[7] answers to interrogatories. No response to the request for production of documents was received.[8] The instant motion for sanctions was then filed on May 16, 1988. At hearing on June 9, 1988, Dr. Paolino did not personally appear. His counsel, however, stated that Dr. Paolino had not cooperated with him on these discovery issues and that Dr. Paolino had not responded to numerous requests to communicate with him.

Under these circumstances, given the *Poulis* factors, I conclude that I have no choice but to dismiss Dr. Paolino's complaint.[9] Of the six factors, five militate in favor of dismissal. The meritoriousness of the claim is unclear, but does not alone outweigh the other five factors. *See Bedwell* at 696.

### 1. The Extent of the Party's Personal Responsibility.

██ During the April 20, 1988 hearing, Dr. Paolino and his counsel made clear that Dr. Paolino's failure to cooperate in discovery was against the advice of counsel and based on his personal belief that the trustee already had obtained the requested information. As I informed Dr. Paolino in court that day and reiterated in my April 22 order, even if the trustee had prior access to the discovery it now seeks (which is unclear here), that fact alone is not ground to refuse or object to discovery. See 4 *Moore's Federal Practice* ¶ 26.69 at 26–436 (2d ed. 1988). Nor can I permit parties to make independent decisions about what is or is not discoverable by simply refusing to cooperate. After making the necessity of allowing discovery clear to Dr. Paolino in court and in my April 22, 1988 order and having heard from counsel that Dr. Paolino has not responded to requests to communicate with him, I can only conclude that Dr. Paolino has made a personal decision to refuse to comply with discovery. Obviously, this directly implicates him in the failure to provide discovery. See *Hicks* at 156–57. *See also, In re Bernard,* 17 B.C.D. 776, 779, 85 B.R. 864 (Bankr.D.Colo.1988).

### 2. Prejudice to the Adversary.

██ It is well established that a trustee in bankruptcy has a fiduciary obligation to the estate. *See e.g., In re Neshaminy Office Building Associates,* 62 B.R. 798 (E.D.Pa.1986). Among the duties of the trustee is to expeditiously gather the assets of the estate and to file a plan pursuant to 11 U.S.C. § 1121. *See* 11 U.S.C. § 1106. The instant dispute as to ownership of property of the estate involves significant sums of money in proportion to the total value of the estate and must be resolved before the trustee can move forward and finalize a workable plan of reorganization. Here, the trustee initially sought discovery within a very short time after the case was commenced. Dr. Paolino's failure to cooperate in discovery has already delayed trial from December 23, 1987, the original date scheduled, for over seven months until July 28, 1988.[10] Absent discovery, the trustee may never be able to adequately defend against the debtor's assertions and press his own counterclaim. Moreover, the trustee and his counsel have had to expend significant sums on discovery issues to this point in the case, the cost of which will likely be borne by the estate. *See* 11 U.S.C. § 503. These costs constitute additional prejudice within the meaning of *Poulis. See Bedwell* at 693; *Scarborough* at 876; *Poulis* at 868.

### 3. History of Dilatoriness.

In this proceeding alone, Dr. Paolino's conduct "has been characterized by consist-

---

7. The response to two questions included the notation "to be provided." I do not pass on the adequacy of the balance of the responses.

8. Dr. Paolino's counsel did, however, send a letter on May 4, 1988 stating "the Doctor will be working on [the requests for production] and hopefully will have them for you in short order."

9. Trial on the trustee's counterclaim only will be scheduled on July 27, 1988 at 2:00 p.m. *See* Fed.R.Civ.P. 41(b) incorporated by Bankr.Rule 7041. If the trustee does not receive discovery by July 1, 1988, I may entertain a motion for default judgment on the counterclaim as well.

10. Ironically, at the commencement of the case, Dr. Paolino requested an expedited hearing.

ent delay" to the extent that he has complied with discovery requests at all. *Poulis* at 868. As the trustee points out in his motion, throughout this bankruptcy case, Dr. Paolino has delayed or refused to cooperate with the trustee. In addition to the discovery disputes in this proceeding, Dr. Paolino has consistently failed to comply with court orders requiring his attendance at a deposition pursuant to Bankr.Rule 2004.

**4. Conduct Demonstrating Bad Faith.**

■ Dr. Paolino has not simply been slow in responding to discovery; he has manifested an intent to refuse to comply at all. As such, he appears to be willfully attempting to preclude the trustee from preparing against his case. This constitutes bad faith. *See Hicks* at 157.

**5. The Effectiveness of Alternative Sanctions.**

As in *Bedwell* at 695, I have already attempted in this proceeding to employ sanctions alternative to dismissal without success. My order to April 22, 1988 required Dr. Paolino to pay counsel fees associated with the motion to compel and the first motion for sanctions in the amount of $1,500. Apparently this amount was paid, albeit late. Nevertheless, Dr. Paolino continues to fail to provide responses to discovery requests. Furthermore, since at least April 22, 1988, Dr. Paolino has been aware that continued failure to comply may result in dismissal and apparently this has not affected his chosen course of action. Under the circumstances, I see no likelihood that sanctions other than dismissal will be effective.

**6. Meritoriousness of the Claim.**

The instant dispute arises under 11 U.S. C. § 541(a)(6) which provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

Dr. Paolino's position is that postpetition income of the business constitutes solely "earnings from services performed by an individual debtor." The trustee's position is that a portion of the postpetition earnings of the business are derived from assets of the estate rather than services of the debtor. On the face of the matter, depending on facts which could be established at trial, both parties' positions appear to have some merit. *See generally, In re Fitzsimmons*, 725 F.2d 1208 (9th Cir.1984). As in *Bedwell* at 696, I can only conclude at this stage in this proceeding, that the "meritoriousness factor here is neutral and not dispositive."

### III.

Where the first five *Poulis* factors militate for dismissal and the sixth is neutral, it has been held that dismissal is appropriate. *Bedwell* at 696. Dr. Paolino seems to have made a personal decision that the trustee's discovery requests in this case are unnecessary and that he need not comply regardless of the mandates of this court. Although I recognize that dismissal is an extreme sanction, I have no choice but to impose it here.

An appropriate order will be entered.

### APPENDIX A

United States Bankruptcy Court

for the Eastern District of Pennsylvania

Bankruptcy No. 85–00759G

Adversary No. 87–0948

### ORDER

April 22, 1988

AND NOW, this 22 day of April, 1988, upon consideration of the motion of Herbert Brener ("Mr. Brener") for discovery sanctions against Richard Paolino ("Dr. Paolino") in connection with this proceeding, having previously ordered on January 19, 1988 that Dr. Paolino's respond to Mr. Brener's request for production of doc-

uments on or before January 25, 1988 and having previously ordered on February 11, 1988 that Dr. Paolino respond to interrogatories on or before February 17, 1988 and no responses having been forthcoming, and having considered the evidence presented at hearing on April 20, 1988; and for the reasons set forth at that hearing,

it is hereby ORDERED that Dr. Paolino shall provide full and complete answers to the requests for production, interrogatories and additional interrogatories heretofore served by Mr. Brener within 10 days from the entry of this order or suffer possible dismissal of this proceeding upon motion by Mr. Brener as a sanction pursuant to Fed.R.Civ.P. 37(b) made applicable herein by Bankr.Rule 7037. It is further ORDERED pursuant to Rule 37(a)(4) and (b) that Dr. Paolino shall pay to counsel for Mr. Brener, the sum of $1,500.00 within 10 days from the entry of this order to compensate it for costs and expenses in connection with the filing of this motion as well as the motions to compel.

It appears from the evidence presented at trial that Dr. Paolino believes that he should not have to respond to discovery because he has already provided much of the requested information in contexts other than this proceeding. Dr. Paolino's belief does not constitute sufficient grounds to refuse to cooperate in discovery. *See* 4 *Moore's Federal Practice* ¶ 26.69 at 26–436 (2d ed. 1988).

Moreover, even assuming that such a belief may be sufficient to object to discovery, timely objections or a motion for a protective order are necessary. *See Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32 (3rd Cir.1979). The proper procedure was not followed here.

Having failed to comply with my earlier orders compelling discovery, Dr. Paolino is now subject to the full panoply of sanctions available to this court, examples of which are enumerated in Fed.R.Civ.P. 37(b)(2). I conclude, that at this time the extreme sanction of dismissal is not appropriate. *See Al Barnett & Son, Inc.; DiGregorio v. First Rediscount Corp.*, 506 F.2d 781 (3rd Cir. [1974] ). I thus award only a monetary sanction of those expenses incurred by the trustee for Dr. Paolino's failure to obey my prior orders compelling responses to discovery. However, if responses to discovery are not provided by Dr. Paolino within 10 days, I may order dismissal upon motion by the trustee.

(s) BRUCE FOX
United States Bankruptcy Judge

APPENDIX B

United States Bankruptcy Court

for the Eastern District of Pennsylvania

No. 85–00759F

Adversary No. 87–0948

ORDER

Jan. 19, 1988

AND NOW, this 19 day of January, 1988, upon consideration of the Motion of Herbert Brener, Trustee, to Compel Richard G. Paolino, Debtor, to Respond to Request for Production of Documents (the "Motion"); after notice and on grounds being shown therefor, it is

ORDERED, that Richard G. Paolino respond on or before January 25, 1988, to the Request for Production Documents of Defendant Herbert Brener, Trustee, a copy of which is attached as Exhibit A to the Motion (the "Request for Production"), by producing all the documents requested in the Request for Production at the offices of Pepper, Hamilton & Scheetz, 20th Floor, 123 South Broad Street, 2001 The Fidelity Building, Philadelphia, PA 19109–1083, Attention: Richard J. Squadron, on or before such date.

(s) BRUCE I. FOX
Bankruptcy Judge

APPENDIX C

United States Bankruptcy Court

for the Eastern District of Pennsylvania

No. 85–00759F

Adversary No. 87–0948

ORDER

Feb. 11, 1988

AND NOW, this 11th day of February, 1988, upon consideration of the Motion of

Herbert Brener, Trustee, to Compel Richard G. Paolino, Debtor, to Respond to Interrogatories (the "Motion"); after notice and on grounds being shown therefor, it is

ORDERED, that Richard G. Paolino respond on or before February 17, 1988 to Defendant Herbert Brener's Interrogatories to Richard G. Paolino, Plaintiff, a copy of which is attached as Exhibit A to the Motion (the "Interrogatories") by answering all the interrogatories set forth in the Interrogatories and serving such answers or the Trustee, c/o Pepper, Hamilton & Scheetz, 20th Floor, 123 South Broad Street, 2001 The Fidelity Building, Philadelphia, PA 19109–1083, Attention: Richard J. Squadron, on or before such date.

(s) BRUCE I. FOX
Bankruptcy Judge