# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,            )
                             )
v.                           )          Case No. 1611018151
                             )
BRITTANY A. ANDERSON,         )
                             )
Defendant.                   )

Submitted: June 20, 2017
Decided: August 9, 2017

William Raisis, Esquire                      Benjamin S. Gifford IV, Esquire
Deputy Attorney General                      Law Office of Benjamin S.
820 N. French Street, 7th Floor              Gifford IV
Wilmington, DE 19801                         14 Ashley Place
*Attorney for the State of Delaware*         Wilmington, DE 19804
                                             *Attorney for Defendant*

## OPINION AND ORDER
## ON DEFENDANT'S MOTION FOR REARGUMENT

The defendant, Brittany A. Anderson ("Defendant"), was charged by Information with Driving Under the Influence ("DUI"), in violation of *21 Del. C. § 4177*, Failure to Remain Within a Single Lane, in violation of *21 Del. C. § 4122(1)*, and Possession of Marijuana, in violation of *16 Del. C. § 4764(c)* following an arrest on November 28, 2016. On May 4, 2017, the Court held trial on this matter. Before trial commenced, Defendant moved to exclude all evidence provided by the State after the discovery deadline set in the

Court's scheduling order. After argument, the Court denied Defendant's request to exclude all untimely provided evidence, but excluded the evidence related to Defendant's blood draw and blood chemical analysis. Trial was ultimately continued in order for the Court to consider a separate defense motion, which has since been withdrawn.

On May 11, 2017, Defendant filed the instant motion for reargument pursuant to *Court of Common Pleas Criminal Rule 57(b)* and *Court of Common Pleas Civil Rule 59(e)*. On June 7, 2017, the State filed an untimely response to the motion.[1] On June 20, 2017, the Court held a hearing on Defendant's motion, and at the conclusion thereof, reserved decision. For the reasons stated below, Defendant's motion for reargument is hereby **DENIED**.

## FACTS & PROCEDURAL HISTORY

On November 28, 2016, Defendant was arrested and charged with DUI, failure to remain within a single lane, and the civil violation of possession of marijuana. On January 17, 2017, Defendant appeared at arraignment, whereupon she entered a not guilty plea, and this matter was scheduled for a DUI case review on February 10, 2017. On February 6, 2017, Defendant, through counsel, served her first request for discovery upon the State pursuant to *Court of Common Pleas Criminal Rule 16*.

On February 10, 2017, the Court held case review on this matter. At that date, the parties agreed—and the Court subsequently ordered—that the State would provide all discovery on or before March 1, 2017. The Court then scheduled trial for May 4, 2017. On February 14, 2017, Defendant served her second request for discovery upon the State, along

---

[1] Although the State filed a late response to Defendant's motion, the response was not so tardy as to warrant its exclusion.

2

with a blank DVD in order to obtain a copy of any media captured by the police. However, between the case review on February 10, 2017 and the discovery deadline of March 1, 2017, the State failed to provide any discovery to Defendant.

On May 1, 2017—three days before trial—the State provided Defendant discovery via email, and indicated that the State would provide a copy of the mobile video recording ("MVR") upon a mutually agreeable appointment. The next day, the State informed Defendant that a copy of the MVR was available at the Office of the Attorney General for pickup, which Defendant retrieved on May 3, 2017.

On May 4, 2017, Defendant appeared for her scheduled trial date. Before trial commenced, Defendant moved to dismiss the case, or, in the alternative, to exclude all evidence provided by the State after the Court's discovery deadline of March 1, 2017. After arguments, the Court denied Defendant's request to dismiss and exclude all untimely provided evidence; however, the Court did grant Defendant's motion to exclude all evidence related to Defendant's blood draw and the chemical analysis of Defendant's blood. Ultimately, trial was continued for reasons separate from Defendant's motion.

On May 11, 2017, Defendant filed the instant motion for reargument of the Court's May 4th decision denying Defendant's request to exclude all untimely provided evidence. On June 7, 2017, the State filed an untimely response to the motion. On June 20, 2017, the Court held a hearing on Defendant's motion, and at the conclusion thereof, reserved decision.

## PARTIES' CONTENTIONS

Defendant contends the denial of her motion to exclude all untimely provided evidence results in manifest injustice when considered alongside recent decisions by this Court. Defendant contends the State in recent months has routinely failed to provide defense counsel with discovery in DUI cases as required by the Court's scheduling order deadlines, and, instead, provides such materials shortly before trial. While Defendant concedes discovery violations are evaluated on a case-by-case basis, Defendant contends the facts of this matter bear minimal, if any, difference to cases where the Court found the proper remedy for the State's discovery violation was the exclusion of all untimely provided evidence.

Defendant argues the exclusion of evidence in some cases but not others, with no substantive factual disparity giving rise to the varying results, is manifestly unjust. Moreover, Defendant contends the evidence must be excluded in order to serve as a deterrent to the State for disregarding the Court's imposed discovery deadlines in the future. Furthermore, it is the Defendant's position that if the Court is not willing to enforce its own scheduling orders, then the DUI case review process serves no legitimate purpose and, in fact, hinders the efficient administration of justice.

The State maintains the Defendant is unable to demonstrate that there is newly discovered evidence, a change in law, or manifest injustice sufficient to warrant a reargument of Defendant's motion to dismiss or exclude all untimely provided evidence. The State concedes it failed to provide discovery on or before March 1, 2017; however, it is the State's position that this failure was merely negligent, and not willful or wanton. While trial courts

4

have broad discretion to determine appropriate sanctions for discovery violations, the State contends the suppression of all evidence is appropriate only when the State has engaged in willful or egregious misconduct resulting in substantial prejudice to the defendant. Based on the individual facts and circumstances of this case, the State argues the Court acted within its discretion in shaping an appropriate remedy for the State's discovery violation, i.e. excluding all evidence related to Defendant's blood draw and the chemical analysis of Defendant's blood. As of May 3, 2017, the State posits the Defendant is in possession of all discoverable evidence, and will have a full opportunity to review the evidence and prepare a defense before trial. Accordingly, the State requests the Court deny Defendant's motion for reargument.

## LEGAL STANDARD

There is no provision in the *Court of Common Pleas Criminal Rules* that provides for motions for reargument. However, *Court of Common Pleas Criminal Rule 57(b)* allows the Court to "proceed in any lawful manner not inconsistent with these Rules or with any applicable statute" if the criminal rules fail to provide the Court with proper guidance on procedure.[2] This Court has held that when considering a motion for reargument in a criminal matter, the Court will address the motion pursuant to *Court of Common Pleas Civil Rule 59(e)*, which governs motions for reargument in civil matters.[3]

---

[2] CCP Crim. R. 57(b).
[3] *See State v. Miller*, 2016 WL 8999356, at *2 (Del. Com. Pl. July 13, 2016); *State v. Dumas*, 2016 WL 702003, at *2 (Del. Com. Pl. Feb. 22, 2016).

5

Pursuant to *Court of Common Pleas Civil Rule 59(e)*, parties may request the Court reconsider previous findings of fact, conclusions of law, or judgments.[4] However, "a motion for reargument is not intended to rehash arguments already decided by the Court."[5] Therefore, a party will prevail on a motion for reargument if the movant is able to demonstrate the Court overlooked controlling precedent or legal principle, or misapprehended the law or facts such as would change the outcome of the underlying decision.[6] The party seeking to have the Court reconsider an earlier ruling must also demonstrate newly discovered evidence, a change in the law, or manifest injustice.[7] Generally, the Court will deny a motion for reargument unless the underlying decision involved an abuse of discretion.[8]

## DISCUSSION

Defendant's motion for reargument does not allege the existence of newly discovered evidence, that the Court overlooked controlling precedent, or that the Court misapprehended the law or facts. Instead, Defendant argues the Court's decision to deny her motion to exclude results in manifest injustice when considered alongside other cases where the Court determined the proper remedy for the State's discovery violation was the exclusion of all untimely provided evidence.

When determining whether to impose sanctions for discovery violations, the Court must "weigh all relevant factors, such as the reasons for the State's delay and the extent of

---

[4] *See Miller*, 2016 WL 8999356, at *3.
[5] *Tekstrom, Inc. v. Savla*, 2005 WL 3073619, at *1 (Del. Com. Pl. Sept. 29, 2005).
[6] *See Miller*, 2016 WL 8999356, at *3.
[7] *Parisan v. Cohan*, 2012 WL 1066506, at *1 (Del. Com. Pl. Mar. 29, 2012).
[8] *See Miller*, 2016 WL 8999356, at *3; *Parisan v. Cohan*, 2012 WL 1066506, at *1 (Del. Com. Pl. Mar. 29, 2012).

prejudice to the defendant."[9]  In doing so, the Court considers the facts and circumstances of each case individually,[10] while also "balanc[ing] the needs of society with the defendant's right to a fair trial."[11]  *Court of Common Pleas Criminal Rule 16(d)(2)* provides the Court with a variety of sanctions to remedy a discovery violation including: (1) ordering prompt compliance with the discovery rule; (2) granting a continuance; (3) prohibiting a party from introducing evidence not disclosed; or (4) entering such other order the Court deems just under the circumstances.[12]  It is well settled that the Court has broad discretion to craft appropriate sanctions for discovery violations, "including the discretion to cure the violation[s], if possible, rather than exclude the evidence."[13]  Furthermore, the Court, in its ability to cure the discovery violations, may enter "unique and individualized sanctions appropriate to the violation at hand."[14]

In the instant matter, it is undisputed that the State committed a discovery violation by providing discovery to Defendant after the Court's scheduling order deadline.  As a sanction for the State's discovery violation, I ordered the exclusion of all evidence related to Defendant's blood draw and the chemical analysis of Defendant's blood.  Defendant argues the Court's remedy is manifestly unjust when considered alongside other cases where the Court allowed the exclusion of all untimely provided evidence.  Defendant's argument is flawed inasmuch as it calls for the consideration of factors outside Defendant's individualized case.  When determining an appropriate sanction for a discovery violation, the

---

[9] *Service v. State*, 2015 WL 1234489, at *3 (Del. Mar. 17, 2015); *Oliver v. State*, 60 A.3d 1093, 1096 (Del. 2013).
[10] *State v. Glenstrup*, 2013 WL 1092715, at *5 (Del. Super. Feb.12, 2013).
[11] *Cabrera v. State*, 840 A.2d 1256, 1263 (Del. 2004).
[12] CCP Crim. R. 16(d)(2).
[13] *See Service*, 2015 WL 1234489, at *3.
[14] *State v. Mingucha*, 2017 WL 1187646, at *4 (Del. Com. Pl. Mar. 23, 2017).

trial court must only consider the facts and circumstances of that particular case. On May 4, 2017, after consideration of the relevant factors in this particular case, I found the appropriate sanction to cure the State's discovery violation was the exclusion of evidence related to Defendant's blood draw and the chemical analysis of Defendant's blood. Absent factors outside the Court's purview, Defendant has failed to allege manifest injustice sufficient to warrant reargument.

Furthermore, the Court is unpersuaded by Defendant's argument that her motion to exclude must be granted in order to serve as a deterrent to the State for disregarding the Court's imposed discovery deadlines in the future. This Court has held that "a sanction under *Rule 16* is appropriate for remedying prejudice to the Defendant and not to hypothetical future defendants."[15] Therefore, the Court will not impose a more severe sanction to prevent future misconduct that may or may not occur.

Finally, Defendant's argument that the DUI case review process serves no legitimate purpose if the Court is not willing to enforce its own scheduling orders is misplaced. The case review process and the Court's enforcement of its scheduling order are two distinct concepts. The case review process serves as an attempt to exhaust every option possible to dispose of a case before valuable trial days are set aside.[16] As the Delaware Supreme Court stated, "[case reviews] are an important mechanism in the criminal case management process

---

[15] *Id.*
[16] *See In re Hillis*, 858 A.2d 325, 327 (Del. 2004).

8

designed to save limited trial days for cases which cannot be resolved by any other proceeding except a trial."[17]

Distinct from the case review process is the Court's scheduling order. The Court of Common Pleas, like all trial courts, has inherent discretion to control its own docket and scheduling.[18] As the Delaware Supreme Court stated in *Service v. State*:

> "A scheduling order is a tool of efficiency that is designed to assist the trial court in managing the flow of the case. Although the terms of a trial court's scheduling order are binding as to parties, the trial court is not equally bound. The trial court may exercise discretion in determining whether to disregard certain terms of a scheduling order when it deems appropriate."[19]

Scheduling orders are frequently revised by the Court or by the consent of the parties. When a scheduling order is modified without consent of the Court, the parties "do so at their own peril."[20] The same is true of a party ignoring a scheduling order.[21] However, when a Court chooses not to enforce its own scheduling order to the strictest degree, it is because the Court has weighed the relevant considerations and reached a conclusion that is in the interests of justice, the parties, and the efficiency of the Court's functioning.

The fact that the Court makes a reasoned decision not to observe a deadline in a scheduling order does not invalidate other court functions, such as case reviews. The case review process is mandatory upon parties in order to expedite the resolution of cases. Conversely, scheduling orders help assist the Court with the management of its own docket and scheduling, and, like all matters, are influenced by the particular facts or circumstances

---

[17] *Id.*

[18] *See Washington v. State*, 844 A.2d 293, 295 (Del. 2004).

[19] *Service*, 2015 WL 1234489, at *3.

[20] *Dickenson v. Sopa*, 2013 WL 3482014, at *2 (Del. Super. Jun. 20, 2013).

[21] *See id.*

9

of each individualized case. Therefore, the Court's enforcement of its own scheduling order has no bearing on the purpose of the case review process, i.e. the possible resolution of a case before trial. Because Defendant has not demonstrated any actual prejudice, I do not find any grounds for further relief. Therefore, Defendant's Motion for Reargument is **DENIED**. The matter shall be scheduled for trial.

**IT IS SO ORDERED.**

Alex J. Smalls,
Chief Judge